May 11, 1979

**79-30 MEMORANDUM OPINION FOR THE GENERAL COUNSEL, FEDERAL MINE SAFETY AND HEALTH REVIEW COMMISSION**

**Tax Returns—Disclosure (26 U.S.C. § 6103; 18 U.S.C. § 1905)**

This responds to your request for our opinion whether the Federal Mine Safety and Health Review Commission (Commission) is prohibited by 26 U.S.C. §§ 6103, 7213, 7217 (1976), or by 18 U.S.C. § 1905 (1976), from publishing, in an opinion or an order, financial information about a mine operator derived from a copy of an income tax return produced and submitted as evidence by the operator and entered of record in a proceeding within the Commission's jurisdiction. We find no such prohibition in the statutory provisions cited. Neither will such a publication subject the Commissioners to civil or criminal liability under either the title 26 provisions or § 1905 of title 18 of the United States Code.

### I. Title 26

Section 6103 of title 26 makes tax returns and tax return information confidential. It prohibits an officer or employee of the United States from disclosing any return or return information "obtained by him in any manner in connection with his service as such an officer or an employee or otherwise," except as authorized by title 26. Complementary provisions, 26 U.S.C. §§ 7213 and 7217, subject officers and employees who disclose information or documents made confidential by § 6103 to criminal and civil liability, except as to disclosures authorized by title 26.

It is important to note that §§ 7213 and 7217 are restricted in their application to the disclosure of "any return or return information (*as defined in section 6103(b)*)." [Emphasis added.] And, of course, the confidentiality rule of § 6103 itself applies only to returns and return information that are within the relevant statutory definitions of those terms. Crucial to

our consideration is that a return, as defined by § 6103(b)(1), is "any tax or information return * * * *which is filed with the Secretary* [of the Treasury]" and that the term "return information" means "a taxpayer's identity * * * or any other data, *received by, recorded by, prepared by, furnished to, or collected by the Secretary."* § 6103(b)(2). [Emphasis added.] Thus, the confidentiality rule and the civil and criminal liability provisions of title 26, even read most broadly, apply only when there is a nexus between the information disclosed and information that has been in the possession of the Secretary of the Treasury. The requisite nexus is absent when, as with the information that the Commission proposes to publish, the source document is one that has never been within the custody or control of the Secretary.

It is immaterial that a layman might view the source document as an income tax return. It is also immaterial that the document is a copy (produced by the taxpayer) of a return that actually was filed with the Secretary. Section 6103 and its complementary provisions protect the confidentiality of information filed with or collected or generated by the Secretary of the Treasury in connecton with his administration of the tax system and information so filed, collected, or generated that has been distributed under the authority of § 6103. By its terms it does not and was not intended to shield from disclosure a tax return, or information derived from a tax return, produced by the taxpayer and given voluntarily to the Government in a proceeding unconnected with the administration of the tax laws. Such a document (even if a copy of a return actually filed) and such information cannot reasonably be said to have been "filed with" or "received by, recorded by, prepared by, furnished to, or collected by" the Secretary of the Treasury.

Our conclusion, stated simply, is that § 6103 and §§ 7213 and 7217 of title 26 are inapplicable to the issue of the disclosure of financial information derived from a copy of an income tax return produced by the taxpayer and voluntarily filed as evidence in an administrative proceeding.

## II. 18 U.S.C. § 1905

Section 1905 provides:

> Whoever, being an officer or employee of the United States or of any department or agency thereof, publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person,

202

firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined not more than $1,000, or imprisoned not more than one year, or both; and shall be removed from office or employment.

You have informed us that the Commission proposes to publish in its opinion information derived from an income tax return.[1] Moreover, the information to be published includes, *inter alia,* the gross income of the operator company for 1 year and the total compensation paid by the company to three of its officers in 2 different years. Such information would appear to be within the scope of information protected from disclosure by § 1905.[2] It, however, prohibits only disclosures made "in any manner or to an extent not authorized by law." Thus, its bar is not absolute.

The Attorney General has opined that, as used in § 1905, the phrase "authorized by law" does not require that an otherwise prohibited disclosure be specifically authorized by law. "[I]t is sufficient if the activity is 'authorized in a general way by law' " (citation omitted). This includes an authorization that is reasonably implied. 41 Op. Att'y Gen. 166, 169 (1953).

There is no statute that specifically authorizes the Commission to publish, in its opinions or orders, information within the scope of the prohibitions of § 1905. However, the Commission is a quasi-judicial body with the authority both to hold hearings in the first instance and to review decisions made by its administrative law judges. 30 U.S.C. § 823 (1978 Supp.). As is normally the case with such bodies, its decisions, whether initial or appellate, must be based upon the record as well as the law. *See* 30 U.S.C. §§ 823(d)(2)(C), 815 (c)(2) and (d) (1978 Supp.). It is authorized and directed to make findings of fact, *id.,* which must be sustained on judicial review if supported by substantial evidence. 30 U.S.C. § 816(a)(1) (1978 Supp.). Thus, the Commisison is, we believe, authorized by clear implication of law to include in its opinions and orders a recitation of evidence in the record upon which its findings and legal conclusions are

---

[1] As used in § 1905, "income return" is not limited, as it is in 26 U.S.C. § 6103 (1976), to returns filed with the Secretary of the Treasury.

[2] An argument can be made that the intended scope of § 1905 is not as broad as its language would indicate. For an articulation of this argument, *see* D. Clement, "Rights of Submitters to Prevent Agency Disclosure of Confidential Business Information: The Reverse Freedom of Information Act Lawsuit," 55 Tex. L.R. 587, 602–617 (1977). In connection with the Clement article *see, Muniz* v. *Hoffman,* 422 U.S. 454 (1975). We need not here delimit the scope of § 1905 since we conclude that, even if the information that the Commission proposes to publish is within the intended scope, disclosure in an opinion of the Commission is nevertheless permissible.

are based. This is sufficient authorization by law, within the meaning of § 1905, to allow the Commission to publish in its opinions and orders evidence of record that would otherwise be protected from disclosure.

JOHN M. HARMON
*Assistant Attorney General*
*Office of Legal Counsel*